GAFF vs. HOLLAND, sheriff.

COST: *Sheriff's commission.*
  Under the provisions of the act of February 25th, 1875, regulating costs, the sheriff is not entitled to commissions for collecting, where the judgment is compromised and settled after the levy of an execution.

APPEAL from *Chicot* Circuit Court.

Hon. T. F. SORRELS, Circuit Judge.

*Reynolds,* for appellant.

WALKER, J.:

This case came before the Circuit Court of Chicot County upon an agreed statement of facts as to the proper fees due the sheriff for commissions.

The facts agreed upon and submitted to the court were that an execution in favor of Gaff against one Warner, for $4,789, was placed in the hands of Holland, as sheriff, to be collected. The execution was issued and placed in the hands of the sheriff, on the 22d April, 1875, and levied upon lands 12th of May, and advertised for sale June 14th, 1875; 160 acres of the land was claimed and scheduled as a homestead, and supersedeas awarded staying its sale; defendant, under the belief that he could make but a small amount of his debt out of the residue of the land, divided his debt into several payments, gave day for payment, and directed the sheriff to return the execution not satisfied. The lands, omitting the homestead, were, in 1874, assessed at $3,130; that all of the fees, including those for levying and advertising the land, had been paid, leaving the claim of commissions the sole question to be determined by the court, under the agreed statement of facts.

The court found that the plaintiff was entitled to $47.54 for commissions, and rendered a judgment for that amount. Defendant appealed.

The question as to commissions, and the amount due, must be determined by the statute then in force.

The services for which commission is claimed were rendered in May and June, 1875.

At that time the act of February 25th, 1875, was in force; see pages 179 and 180, which provides, that sheriffs shall be allowed fees for receiving and paying money on execution or process, when lands or goods have been taken in custody, advertised or sold, one per cent.; and all that part of the section providing that in no event shall the sheriff be deprived of his commission by settlement or compromise of the parties, is repealed.

It is contended for appellant that, as that part of sec. 2847, Gantt's Digest, which allows commission, was repealed, it was

intended by the legislature, that the sheriff should receive no commission whatever, when the debt is compromised, or settled without a sale of property.

The act of 1868, found in Gantt's Digest, sec. 2847, in force when the act of February, 1875, was passed, *provides*, that the sheriffs shall receive for commissions for receiving and paying money on execution or process, when lands or goods have been taken in custody, advertised or sold, two per cent.; and in no event shall he be deprived of such commission after an execution has gone into his hands, by any settlement or compromise of the parties.

The act of February, 1875, sec. 53, page 189, *provides*, that for receiving and paying money on execution or process when land or goods have been taken in custody advertised or sold, one per cent.; and all that part of the section, providing that in no event shall the sheriff be deprived of his commission by settlement or compromise of the parties, is repealed.

It will be seen, that up to the explanatory clause in the latter part of the act of 1868, the language of the two acts are the same, with the exception, that the former allowed two per cent., the latter one per cent. for commission.

And unless the legislature of 1868, had supposed it necessary to enact the latter clause in order to give two per cent., whether the debt was collected or not, there would certainly have been no such clause inserted, and it would be a fair presumption when the legislature reduced the commission from two to one per cent., that they did not intend to allow commission when the debt was compromised or settled, without collection by sale of the property levied upon, or they would not have repealed the clause which allowed commission where the debt was compromised or settled without a sale of property.

*Vol. xxxi.—35.*

We think this the proper construction to be given to the act, and that upon the state of facts agreed upon the sheriff was not entitled to commission.

Under this construction of the act, we must hold that the court erred in finding that the sheriff was entitled to commission, and in rendering judgment against the defendant for the same.

Let the judgment be reversed and set aside, and the cause remanded, with instructions to the court below to dismiss the same.